**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD PATRICK CAMERON TRUST Dated February 5, 1996, and RPC VENTURES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN LAW GROUP, LLP, WARREN LAW GROUP, PLLC, SCARINCI & HOLLENBECK, LLC, SCOTT J. OH, and CHRISTOPHER D. WARREN,<br><br>Defendants. | Civil Action No.: 1:25-cv-08583-PAE |

# REPLY MEMORANDUM OF LAW IN SUPPORT DEFENDANT SCARINCI & HOLLENBECK LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**McElroy Deutsch Mulvaney & Carpenter LLP**
Attorneys for Defendant,
Scarinci & Hollenbeck, LLC
1300 Mount Kemble Avenue
P. O. Box 2075
Morristown, New Jersey 07962-2075
Telephone No. (973) 993-8100

On the brief:
Kevin M. Eppinger

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

LEGAL ARGUMENT ..... 2

I. SCARINCI & HOLLENBECK DID NOT MERGE WITH WLG ..... 2

II. SCARINCI & HOLLENBECK DID NOT BREACH THE ESCROW AGREEMENTS ..... 4

III. PLAINTIFFS' REMAINING CLAIMS ARE DUPLICATIVE OF THEIR BREACH OF CONTRACT CLAIM AND MUST BE DISMISSED. ..... 5

IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY. ..... 6

V. PLAINTIFFS HAVE FAILED TO ALLEGE CLAIMS FOR FRAUD AND NEGLIGENT MISREPRESENTATION AGAINST SCARINCI & HOLLENBECK ..... 7

VI. PLAINTIFFS' REMAINING CLAIMS FOR NEGLIGENCE, CONVERSION, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT AND ACCOUNTING MUST BE DISMISSED FOR FAILING TO STATE A VALID CLAIM ..... 9

A. Plaintiffs' Negligence Claim Fails as a Matter of Law. ..... 9

B. Plaintiffs' Conversion Claim Fails as a Matter of Law. ..... 9

C. Plaintiffs' Money Had and Received Claim and Unjust Enrichment Claim Fail. ..... 9

D. Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair Dealing Fails ..... 10

E. Plaintiffs' Claim for an Accounting Fails. ..... 10

CONCLUSION ..... 10



#13707030v1<MDMDOCS>

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Animalfeeds Int'l, Inc. v. Banco Espirito Santo e Commercial De Lisboa*,
420 N.Y.S.2d 954 (Sup. Ct. 1979) ..... 5

*Cargo Partner AG v. Albatrans, Inc.*,
352 F.3d 41 (2d Cir. 2003) ..... 4

*Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*,
602 F. Supp. 3d 663 (S.D.N.Y. 2022) ..... 5

*Clarke v. TRIGO U.S., Inc.*,
2023 WL 2456814, at *5 (S.D.N.Y. Mar. 10, 2023) ..... 5

*Fletcher v. Atex, Inc.*,
68 F.3d 1451 (2d Cir. 1995) ..... 2

*Fortress Credit Corp. v. Dechert, LLP*,
89 A.D.3d 615 (1st Dept. 2011) ..... 8

*Glynwed, Inc. v. Plasticmatic, Inc.*,
869 F. Supp. 265 (D.N.J. 1994)) ..... 3

*Hall v. Paramount Picture Corp.*,
2002 U.S. Dist. LEXIS 14850 (S.D.N.Y. Aug. 14, 2002) ..... 2

*Johnson v. JP Morgan Chase Bank, N.A.*,
488 F. Supp. 3d 144, 160 (S.D.N.Y. 2020) ..... 9

*Lumbermens Mut. Cas. Co. v. Franey Muha Alliant Ins. Services*,
388 F. Supp. 2d 292 (S.D.N.Y. 2005) ..... 7

*Marshall v. Hyundai Motor Am.*,
51 F. Supp. 3d 451 (S.D.N.Y. 2014) ..... 5

*Newbro v. Freed*,
409 F. Supp. 2d 386 (S.D.N.Y. 2006) ..... 9

*Rauch v. RCA Corp.*,
861 F.2d 29, 30 (2d Cir. 1988) ..... 2

*Ray Legal Consulting Grp. v. DiJoseph*,
37 F. Supp. 3d 704, 728-29 (S.D.N.Y. 2014) ..... 5

**TABLE OF AUTHORITIES CONTINUED**

*Senior Health Ins. Co. of Pa. v. Beechwood Re Ltd.*,
345 F. Supp. 3d 515 (S.D.N.Y. 2018)........................................................................... 5

*Woodrick v. Jack J. Burke Real Estate, Inc.*,
306 N.J. Super. 61 (App. Div. 1997............................................................................. 3

**Other Authorities**

*Fed. R. Civ. P.* 12(b)(6)......................................................................................... 1, 5, 10

*Fed. R. Civ. P.* 9(b) ......................................................................................................... 7

Defendant Scarinci & Hollenbeck, LLC ("Scarinci & Hollenbeck"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, respectfully submits this reply brief in further support of Scarinci & Hollenbeck's motion to dismiss the Second Amended Complaint ("Complaint") of Plaintiffs Ronald Patrick Cameron Trust Dated February 5, 1996 ("RPCT") and RPC Ventures, LLC ("RPCV") (collectively "Plaintiffs") pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

As demonstrated in Scarinci & Hollenbeck's initial motion papers, all claims asserted in Plaintiffs' Complaint must be dismissed for failure to state a claim. Plaintiffs' opposition brief does not salvage any of their claims. Plaintiffs' opposition only strengthens Scarinci & Hollenbeck's arguments that it (1) never represented Plaintiffs and had no relationship with Plaintiffs to give rise to any duty; (2) was not a party to the escrow agreements or any of the other related transaction documents that give rise to this lawsuit; and (3) never received, held or disbursed Plaintiffs' funds, or any other funds, in connection with the failed business transaction.

Knowing this, Plaintiffs attempt to create liability on the part of Scarinci & Hollenbeck by arguing a de facto merger occurred between it and Defendant Warren Law Group ("WLG") in January 2024. The record makes clear there was no de facto merger between Scarinci & Hollenbeck and WLG. Without such a merger, Scarinci & Hollenbeck is not liable for any of the ten causes of action raised in the Complaint.

Plaintiffs' opposition also fails to distinguish how their breach of contract claim is separate and apart from their nine other causes of action. No matter how Plaintiffs try to frame their case for the Court, the fact remains that all of Plaintiffs' claims arise from the same nucleus of facts; an alleged breach of the escrow agreements, which resulted in the identical amount of damages.

Plaintiffs' opposition does not cure the defects contained in their fraud and negligent misrepresentation claims. Namely, Plaintiffs have not come forward with the required specificity to allege these claims against Scarinci & Hollenbeck. The paucity of allegations against Scarinci & Hollenbeck contained in both the Complaint and Plaintiffs' opposition brief requires a dismissal of these claims at the pleadings level.

For these reasons, and those set forth below and in Scarinci & Hollenbeck's initial brief, the Complaint should be dismissed with prejudice, in its entirety, as to Scarinci & Hollenbeck.

## LEGAL ARGUMENT

### I. SCARINCI & HOLLENBECK DID NOT MERGE WITH WLG.

Plaintiffs argue Scarinci & Hollenbeck must be liable for all causes of action in the Complaint because a de facto merger occurred between Scarinci & Hollenbeck and WLG in January 2024. Plaintiffs' argument fails for two reasons. First, as pled in the Complaint, Scarinci & Hollenbeck is a New Jersey limited liability company. (Complaint ¶ 8). As such, New Jersey law and not New York law dictates whether Scarinci & Hollenbeck participated in a de facto merger. Second, the Complaint fails to plead such a merger took place.

Under New York law, questions relating to the merger of corporate entities are governed by the law of the state of incorporation. *Hall v. Paramount Picture Corp.*, 2002 U.S. Dist. LEXIS 14850 at *24 (S.D.N.Y. Aug. 14, 2002); *see also Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (applying Delaware law to a corporate veil piercing claim where the defendant was a Delaware corporation); *Rauch v. RCA Corp.*, 861 F.2d 29, 30 (2d Cir. 1988) (applying Delaware law to a corporate merger).

As alleged in the Complaint, Scarinci & Hollenbeck is a New Jersey limited liability company, and thus, New Jersey law must apply to determining whether a de facto merger took

place between it and WLG. (Complaint ¶ 8). Under New Jersey law, to determine whether a de facto merger[1] took place, a court considers the following factors:

> (i) continuity of management, personnel, physical location, assets, and general business operations; (ii) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (iii) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (iv) continuity of ownership/shareholders.

*Woodrick v. Jack J. Burke Real Estate, Inc.*, 306 N.J. Super. 61, 73 (App. Div. 1997) (quoting *Glynwed, Inc. v. Plasticmatic, Inc.*, 869 F. Supp. 265, 275-76 (D.N.J. 1994)). In determining whether a de facto merger took place, courts also consider whether "the facts show that the intent was for the successor to assume all the benefits and burdens of the predecessor's business . . . ." *Woodrick*, 306 N.J. Super. at 74.

Here, the Complaint is silent as to whether Scarinci & Hollenbeck assumed any of WLG's liabilities. Instead, Plaintiffs, without any such allegations in the Complaint, blindly assume Scarinci & Hollenbeck assumed all WLG's liabilities, including any liability pertaining to the escrow agreements. The Complaint also fails to allege Scarinci & Hollenbeck assumed any future obligations WLG had pursuant to the escrow agreements. Without these allegations, Plaintiffs have failed to plead a de facto merger between Scarinci & Hollenbeck and WLG. Thus, Scarinci & Hollenbeck cannot be held responsible for any of WLG's liabilities related to the escrow agreements. *See Woodrick*, 306 N.J. Super. at 72-73 (holding that in New Jersey it is well-established "that where one company sells or otherwise transfers all of its assets to another

---

[1] Plaintiffs also argue in their opposition that Scarinci & Hollenbeck may be held to be WLG's successor under the mere continuation doctrine. Under New Jersey law, the elements a court is to consider for the mere continuation doctrine is identical to the elements for a de facto merger. *Woodrick*, 306 N.J. Super. at 73.

company, the transferee of those assets is not ordinarily liable for the debts of the transferor company, including those arising out of the transferor's tortious conduct."); *accord Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003) (holding "the purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts.").

Accordingly, the entire Complaint must be dismissed as to Scarinci & Hollenbeck as a de facto merger never occurred.

## II. SCARINCI & HOLLENBECK DID NOT BREACH THE ESCROW AGREEMENTS.

Plaintiffs' opposition contains a single sentence regarding how Scarinci & Hollenbeck breached the escrow agreements; the firm assumed WLG's contractual obligations under the escrow agreements through a de facto merger. (Plaintiffs' opp. brief at p. 14). As argued at length in Point I, *supra*, there was no de facto merger between Scarinci & Hollenbeck and WLG. Therefore Scarinci & Hollenbeck never assumed any obligations under the escrow agreements, including the obligation to provide verifications pursuant the Non-Depletion Agreements ("NDA"). Again, Scarinci & Hollenbeck is not a named party to the escrow agreements, no one from the firm executed the document and Plaintiffs never engaged Scarinci & Hollenbeck to serve as escrow agent. Plaintiffs cannot assert a breach of contract claim against Scarinci & Hollenbeck.

Even if a de facto merger took place between Scarinci & Hollenbeck and WLG (which it did not), Scarinci & Hollenbeck still could not have breached the escrow agreements because Defendant Scott Oh ("Oh"), while still employed by WLG, released the escrow funds in October 2023, nearly two and a half months before any alleged merger between Scarinci & Hollenbeck and WLG took place. (WLG's br. at p. 6). The role of the escrow agent effectively terminated at that time and Scarinci & Hollenbeck cannot breach a contract that is no longer in existence. *See Animalfeeds Int'l, Inc. v. Banco Espirito Santo e Commercial De Lisboa*, 420 N.Y.S.2d 954, 957

(Sup. Ct. 1979) (holding an escrow agreement is a contractual undertaking and that the parties to an escrow agreement cannot impose additional obligations on the escrow agent that go beyond the terms of the escrow agreement); *Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 728-29 (S.D.N.Y. 2014) (holding that an escrow agent who "has acted in accordance under the escrow agreement" has not breached its fiduciary duty).

Accordingly, Plaintiffs have failed to state a plausible breach of contract claim against Scarinci & Hollenbeck as a matter of law.

## III. PLAINTIFFS' REMAINING CLAIMS ARE DUPLICATIVE OF THEIR BREACH OF CONTRACT CLAIM AND MUST BE DISMISSED.

Plaintiffs oppose the dismissal of its remaining claims as being duplicative of their breach of contract claim by stating courts impose a "high bar" for dismissing claims as being duplicative. (Plaintiffs' opp. br. at p. 16). This high standard may be true, however, Scarinci & Hollenbeck, as part of its initial brief, cited five cases within the Southern District where the court, on a motion to dismiss under *Fed. R. Civ. P.* 12(b)(6), dismissed claims for being duplicative of a breach of contract claim. *See Marshall v. Hyundai Motor Am*., 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014); *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc*., 602 F. Supp. 3d 663, 679 (S.D.N.Y. 2022) ("A cause of action for breach of fiduciary duty that is merely duplicative of a breach of contract claim cannot stand."); *Clarke v. TRIGO U.S., Inc*., 2023 WL 2456814, at *5 (S.D.N.Y. Mar. 10, 2023) (dismissing breach of implied covenant claim as duplicative where it restated the contract allegations); *Senior Health Ins. Co. of Pa. v. Beechwood Re Ltd*., 345 F. Supp. 3d 515, 528 (S.D.N.Y. 2018) (fraud claim redundant where it merely alleged defendant never intended to perform its contractual obligations); *Ellington Credit Fund, Ltd. v Select Portfolio Servicing, Inc*., 837 F. Supp. 2d 162 (S.D.N.Y. 2011) (dismissing breach of fiduciary duty, fraud, negligent misrepresentation, unjust enrichment, negligence, money had and received, breach of good faith

and fair dealing, and accounting claims as duplicative of the breach of contract claims). Undeniably, this Court can dismiss Plaintiffs' claims at the pleadings stage.

Here, Plaintiffs' nine remaining claims all flow from the same core factual allegations: WLG, as the escrow agent under the escrow agreements, breached those escrow agreements by releasing the funds. (Complaint ¶¶ 82-83; 90-91; 98-100; 104-105; 114-115; 126-128; 133-136; 139-140; 145-146). These allegations all concern identical conduct and are governed exclusively by the escrow agreements.

Plaintiffs also argue their remaining non-breach of contract claims must not be dismissed because certain claims allow for damages that are different than their breach of contract claim. Plaintiffs' argument is of no moment to this motion because the Complaint makes no distinction between the damages being sought for each cause of action. Indeed, the Complaint contains one prayer for relief in which Plaintiffs seek "actual damages caused by Defendants' actions in an amount to be determined at trial, but no less than $20,000,000, plus interest, attorneys' fees and costs and disbursements as provided by law" and "[f]or punitive damages." (Complaint at p. 24).

As Plaintiffs' second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth causes of action all arise from the same set of facts and seek the identical damages, they must all be dismissed as a matter of law as to Scarinci & Hollenbeck.

## IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY.

Plaintiffs argue a fiduciary relationship existed with Scarinci & Hollenbeck because of an alleged de facto merger between WLG and Scarinci & Hollenbeck. As argued in Section I, *supra*, no such merger took place between these two parties. Additionally, Scarinci & Hollenbeck was never a party to the escrow agreements and no relationship, of any kind, existed between the firm

and Plaintiffs. This is fatal to any breach of fiduciary duty claim. *See Lumbermens Mut. Cas. Co. v. Franey Muha Alliant Ins. Services*, 388 F. Supp. 2d 292, 300 (S.D.N.Y. 2005).

As no fiduciary relationship exists between Plaintiffs and Scarinci & Hollenbeck, the third count of the Complaint must be dismissed.[2]

## V. PLAINTIFFS HAVE FAILED TO ALLEGE CLAIMS FOR FRAUD AND NEGLIGENT MISREPRESENATION AGAINST SCARINCI & HOLLENBECK.

Critical to any fraud or negligent misrepresentation claim, a plaintiff must plead these claims with specificity as required by *Fed. R. Civ. P.* 9(b). Plaintiffs cite various allegations in the Complaint to try and argue they have satisfied the heightened pleading requirement. Although these new allegations are more fact-specific, they still do not help Plaintiffs to successfully plead fraud and negligent misrepresentation claims against Scarinci & Hollenbeck.

Plaintiffs first direct the Court to paragraphs 60 and 61 of the Complaint, which reference communications between Plaintiffs' counsel and Fred D. Zemel, a partner at Scarinci & Hollenbeck, regarding the whereabouts of the funds pertaining to the escrow agreements. (Complaint ¶¶ 60 and 61). A review of the actual email between Plaintiffs' counsel and Mr. Zemel reveals that Mr. Zemel affirmatively told Plaintiffs' counsel that when Oh joined Scarinci & Hollenbeck, Scarinci & Hollenbeck did not receive into its trust account any funds from the Warren Law Group's escrow account or assume any duties as an escrow agent. (Complaint **Exhibit K**). These statements are not fraudulent. Instead, they provide concrete, factual information that Scarinci & Hollenback never acquired any escrow funds from WLG, and that Scarinci & Hollenbeck never assumed any duties as an escrow agent for Plaintiffs.

---

[2] Plaintiffs' failure to meet the requisite pleading standard pursuant to *Fed. R. Civ. P.* 9(b) will be addressed, *infra*, at Point V.

Plaintiffs next reference two conversations Plaintiffs' counsel had with Defendant Christopher Warren ("Warren"), once he became an attorney for Scarinci & Hollenbeck regarding the whereabouts of the missing escrow funds. (Complaint ¶¶ 62-63). Plaintiffs fail to allege how Warren's communications were incorrect, were a material misrepresentation of what happened to the funds or were knowingly made to be false. These statements in no way advance Plaintiffs' fraud and negligent misrepresentation claims.

Plaintiffs then cite to the January 2024 "Letters of Attestation" drafted by Oh on Scarinci & Hollenbeck letterhead. (Complaint ¶¶ 51-53). However, as argued in Scarinci & Hollenbeck's initial brief, Plaintiffs cannot rely on these "Letters of Attestation" to prove their fraud claim because these letters were not addressed to Plaintiffs and therefore Plaintiffs cannot allege justifiable reliance on the contents of these letters. (Scarinci & Hollenbeck br. at p. 11-12). Plaintiffs claim Scarinci & Hollenbeck failed to provide a legal citation for this argument making it a conclusory statement. (Plaintiffs' opp. br. at p. 21). Scarinci & Hollenbeck, in advancing this argument, cited to the holding from *Fortress Credit Corp. v. Dechert, LLP*, 89 A.D.3d 615, 617 (1st Dept. 2011), thus nullifying Plaintiffs' argument.

Each allegation raised in Plaintiffs' opposition alleging a material misrepresentation on the part of Scarinci & Hollenbeck are immaterial and fail to advance Plaintiffs' fraud and material misrepresentation claims.

As to damages, Plaintiffs argued that the alleged misrepresentations made by Scarinci & Hollenbeck frustrated Plaintiffs' ability to try and recover the missing funds. (Plaintiffs' opp. br. at p. 22). However, this allegation is not contained anywhere in the Complaint. Instead, Plaintiffs allege "not less than $20 million" in damages, the same as all other causes of action. (Complaint ¶ 111).

Finally, Scarinci & Hollenback relies on the arguments it raised in Point III, *supra*, that Plaintiffs' fraud and negligent misrepresentation claims are identical to their breach of contract claim and must be dismissed.

As Plaintiffs have failed to allege the necessary elements for fraud and negligent misrepresentation claims, these claims must be dismissed as a matter of law.

## VI. PLAINTIFFS' REMAINING CLAIMS FOR NEGLIGENCE, CONVERSION, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT AND ACCOUNTING MUST BE DISMISSED FOR FAILING TO STATE A VALID CLAIM.

### A. Plaintiffs' Negligence Claim Fails as a Matter of Law.

Plaintiffs fail to address Scarinci & Hollenbeck's arguments as to why their negligence claim fails. Accordingly, Scarinci & Hollenbeck relies on the arguments contained in its initial brief as to why Plaintiffs' negligence claim fails. (Scarinci & Hollenbeck br. at p. 13).

### B. Plaintiff's Conversion Claim Fails as a Matter of Law.

Plaintiffs' lone argument opposing the dismissal of their conversion claim against Scarinci & Hollenbeck is that Scarinci & Hollenbeck is a successor to WLG. Scarinci & Hollenbeck relies on the arguments raised in Section I, *supra*, as to why Scarinci & Hollenbeck is not a successor to WLG. Accordingly, Plaintiffs' conversion claim fails as a matter of law.

### C. Plaintiffs' Money Had and Received Claim and Unjust Enrichment Claim Fail.

Paramount to any money had and received claim or unjust enrichment claim is an allegation that Scarinci & Hollenbeck received the $20 million for their own benefit and equity requires its return. *See Johnson v. JP Morgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 160 (S.D.N.Y. 2020); *Newbro v. Freed*, 409 F. Supp. 2d 386, 389 (S.D.N.Y. 2006). Neither the Complaint nor Plaintiffs' opposition raises even an inference that Scarinci & Hollenbeck ever used, received, or retained the $20 million. Accordingly, these claims must be dismissed.

**D. Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair Dealing Fails.**

Plaintiffs argue the alleged interactions its counsel had with different attorneys at Scarinci & Hollenbeck regarding the whereabout of the $20 million amount to a breach of the implied covenant of good faith and fair dealing. Scarinci & Hollenbeck relies on the arguments contained in Point V, *supra*, as to why Plaintiffs' argument fails.

**E. Plaintiffs' Claim for an Accounting Fails.**

Plaintiffs fail to address Scarinci & Hollenbeck's arguments as to why their accounting claim fails. Accordingly, Scarinci & Hollenbeck relies on the arguments contained in its initial brief as to why Plaintiffs' accounting claim fails as a matter of law. (Scarinci & Hollenbeck br. at p. 15-16).

**CONCLUSION**

For all the foregoing reasons, Scarinci & Hollenbeck respectfully requests that the Court grant its motion and issue an order dismissing the Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6), with prejudice.

Dated: March 13, 2026

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
*Attorneys for Defendant, Scarinci & Hollenbeck, LLC*

*s/ Kevin M. Eppinger*
By: ______________________________
Kevin M. Eppinger, Esq.
1300 Mount Kemble Avenue
Morristown, New Jersey 07962
(973) 993-8100
keppinger@mdmc-law.com